**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ABDULHAKIM MUHAMMAD                                                    PLAINTIFF
ADC #150550

V.                                        NO: 5:15CV00130 KGB/PSH

MARK WHEELER *et al*                                                   DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Abdulhakim Muhammad, an inmate at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on April 22, 2015.  On July 2, 2015, plaintiff filed a motion for summary judgment, brief in support, declaration, and a statement of facts (docket entries 23-26).  Plaintiff submitted additional evidence on July 15, 2015, July 27, 2015, and September 24, 2015 (docket entries 32, 35, & 40).  Defendants filed a response in opposition and a statement of facts on July 16, 2015 (docket entries 33 & 34).  Defendants filed another response in opposition and statement of facts on October 13, 2015 (docket entries 41 & 42).  Defendants filed

their own cross motion for summary judgment on October 13, 2015, along with a brief in support and statement of facts (docket entries 43-45).  Plaintiff filed a response in opposition, statement of facts, and brief in support, on October 27, 2015 (docket entries 46-48), and filed further exhibits and an addendum between December 7, 2015, and December 15, 2015 (docket entries 54-57).  Defendants filed a reply and statement of facts on December 1, 2015 (docket entries 52 & 53).  Defendants filed a supplemental statement of facts on December 17, 2015 (docket entry 58), and plaintiff filed a response on December 22, 2015 (docket entry 59).

## I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case.  *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to plaintiff, defendants violated his constitutional rights and rights under the

Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a)(1)-(2), because they refuse to provide him with a religiously appropriate diet.  Specifically, plaintiff, a Muslim, contends he is denied halal meals, which forces him to chose between eating religiously unlawful food, or eating the common fare or vegetarian diet, which is nutritionally inadequate. Plaintiff seeks an order directing he be provided with pre-packaged halal meals or transferred to a prison which has such meals.

RLUIPA provides in part, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means."  Because the evidence demonstrates there was no substantial burden on the exercise of plaintiff's religion, his motion should be denied, and defendants' motion should be granted.

Plaintiff's deposition testimony indicates that he is allowed to participate in numerous religious observances, and the only question is whether the ADC's dietary options impose a substantial burden upon his religious exercise.  The ADC offers inmates choices including a pork-free, vegetarian, vegan, and common fare meal plan (docket entry 43-4).  The vegan and vegetarian meal plans are halal, as plaintiff admits (docket entry 43-4).  Additionally, the common fare meals available to plaintiff were developed with the assistance of a registered dietician and a chaplain, and do not contain any ingredients impermissible in a halal diet.  (Docket entry 43-4).  And while plaintiff admits that vegetables are halal, or religiously lawful for him (docket entry 43-7, pages 12 & 14), he asserts the vegetarian diet is nutritionally insufficient.[1]  Plaintiff further contends beans

---

[1]Plaintiff contends that he lost weight while on the vegetarian diet.  A record of plaintiff's vital signs indicates his weight has fluctuated during his stay at the ADC, but in September of 2015, he weighed more than he did when he first entered the ADC in 2011 (docket entry 43-9).  There is

are the main course on the vegetarian diet, but they frequently are unseasoned and not properly cooked.

There is no genuine issue of material fact present regarding whether plaintiff has halal options available to him.  He does.  His dislike of these options does not render them legally deficient, nor do these options impose a substantial burden upon his religious exercise.  *See, e.g., Spies v. Voinovich*, 173. F.3d 398 (6th Cir. 1999).

In his response to defendants' motion, plaintiff appears to broaden his dietary claim to assert he must not only have a halal diet, but must also eat halal meat (docket entry 46, pages 2-3). Plaintiff does not have a right under the constitution or the RLUIPA to receive halal meat entrees. It is sufficient that the ADC provides him with food not forbidden by his religion.  *See, e.g., Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 814 at n. 8 (8th Cir. 2008); *Pratt v. Corrections Corp of America,* 267 Fed. Appx. 482 (8th Cir. 2008); *Robinson v. Jackson*, 615 Fed. Appx. 310, 311 (6th Cir. 2015); *Hudson v. Caruso*, 748 F. Supp. 2d 721 (W.D. Mich. 2010); *Cloyd v. Dulin*, 2012 WL 5995234 (M.D. Tenn. 2012).

Additionally, plaintiff concedes that he is allowed to purchase halal items, including meat, from the commissary (docket entry 43-7, page 2; 46, page 3).  Although plaintiff asserts purchasing halal meat from the commissary would be too costly (docket entry 46, page 3), purchasing records provided by defendants demonstrate that plaintiff has purchased numerous commissary items, including food, during his stay at the ADC (docket entry 52-1).[2]

---

no evidence plaintiff ever sought medical attention for nutritional inadequacies, or that any medical provider recommended any specific dietary changes.

[2]There has been some argument from the parties as to whether the items plaintiff purchased were lawful according to his religious beliefs.  Regardless, the records demonstrate plaintiff has

Because the ADC's dietary policies do not impose a substantial burden on plaintiff's religious exercise, further analysis is not required under RLUIPA. Additionally, without a substantial burden on his religious exercise, plaintiff cannot establish a First Amendment violation. *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir 2008) (to survive summary judgment motion, a plaintiff must first raise a question of material fact regarding whether a substantial burden was placed on his ability to practice his religion).

Finally, plaintiff asserts his rights have been violated because the ADC in the past provided kosher diets to inmates, but now refuses to provide him with a halal diet (docket entry 24, page 4). It appears plaintiff is asserting the ADC's failure to provide a halal diet violates the First Amendment's establishment clause and the Fourteenth Amendment's equal protection clause because the ADC had provided kosher diets to inmates in the past. According to plaintiff, the kosher diet was implemented as a result of a court order, and has been discontinued.[3] There is no constitutional violation. Plaintiff has not presented any evidence that he has been treated differently from similarly-situated inmates, nor has he shown that the ADC has acted with a discriminatory purpose. Additionally, plaintiff has failed to show that plaintiff has "altered his behavior or had direct, offensive and alienating contact" as a result of the accommodation of other religious beliefs in the ADC, as required to establish an establishment clause claim. *See Patel*, 515 F.3d at 816-17.

As discussed above, the ADC has not refused to provide a halal diet, and in fact provides a diet which plaintiff himself agrees is halal. Further, plaintiff has an opportunity to supplement that

---

sufficient resources to regularly purchase food items from the commissary.

[3]The ADC apparently offered kosher meals from 2003 until April of 2008 (docket entry 26, page 21).

diet with halal food, including meat, from the prison commissary.  Plaintiff's complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's motion for summary judgment (docket entry 23) be DENIED.

2.      Defendants' motion for summary judgment (docket entry 43) be GRANTED, and plaintiff's complaint be DISMISSED WITH PREJUDICE.

3.      The Court additionally certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 19th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE