IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ABDULHAKIM MUHAMMAD, ADC# 155050                                    PLAINTIFF

v.                       No. 5:15CV00130–KGB--PSH

JOHN MARK WHEELER, et al.                                          DEFENDANTS

BRIEF IN SUPPORT OF MOTION TO STAY PENDING APPEAL

## Introduction

In its Findings of Fact and Conclusions of Law [D.E. 132] ("Findings and Conclusions"), the Court found Mr. Muhammad is entitled to injunctive relief, specifically that Mr. Muhammad be provided with a halal diet that includes one daily serving of halal meat. The Court left it to the parties to work out the details but directed the ADC to evaluate any and all options, including options never before considered by the ADC, to comply with the terms of the Findings and Conclusions. [D.E. 132, ¶ 108.] The parties are required to report back to the Court with a written status report within 15 days of the Findings and Conclusions. For the reasons set forth below, ADC Defendants request a stay pending appeal to the Eighth Circuit.

## Standard

A court may "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" during the pendency of an appeal. Fed. R. Civ. P. 62(c). In exercising its discretion whether to grant such a stay, this Court considers the following relevant factors:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

> other parties interested in the proceeding; and (4) where the public interest lies."

*Nken v. Holder*, 556 U.S. 418, 129 S.Ct. 1749, 1756, 173 L.Ed.2d 550 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (emphasis added)). The Eighth Circuit applies this same standard. *Reserve Mining Co. v. United States*, 498 F.2d 1073, 1076–77 (8th Cir.1974). Because "traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777, 107 S.Ct. 2113.

## Discussion

### I.  ADC Defendants have a strong chance for success on the merits.

For Plaintiff Muhammad to prevail on his claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), he is required to demonstrate that ADC's refusal to provide halal meat substantially burdens his exercise of religion. The Eighth Circuit has made clear that no substantial burden exists if the regulation merely makes the practice of a religious belief more expensive. *Patel v. United States Bureau of Prisons*, 515 F.3d 807 (8th Cir. 2008). Muhammad did not establish his indigence at trial, but rather that his inmate trust account at the time of trial was close to that threshold for one day. [D.E. 132, ¶¶ 81-84] For that reason, Plaintiff failed to demonstrate a substantial burden on his religious exercise.

In finding the ADC's refusal to provide Mr. Muhammad with a daily serving of halal meat not reasonably related to legitimate penological interests, the Court considered the following factors: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain

open to prison inmates; (3) the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (4) whether there exist alternatives which will accommodate the prisoner at a *de minimis* cost. [D.E. 132, ¶ 101 (citing *Murchison v. Rogers*, 779 F.3d 882, 887 (8th Cir. 2015).]

The Court found a valid, rational connection between the regulation and the legitimate governmental interest put forward to justify it in analyzing the first factor. [D.E. 132, ¶ 102] However, in analyzing the second factor, the Court considered the right at issue to be a narrow right to consume halal meat, rather than the right to exercise his Muslim faith. Because Muhammad is still able to practice other tenets of his religion,[1] this factor favors ADC Defendants. *See Iron Eyes v. Henry*, 907 F.2d 810, 815 (8th Cir. 1990); *Garza v. Carlson*, 877 F.2d 14, 16 (8th Cir. 1989) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351–52, 107 S.Ct. 2400, 2405–06, 96 L.Ed.2d 282 (1987)). The third factor requires a court to consider the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally. The Court agreed that providing a personal religious diet could become cumbersome, especially if several of the 1,700 Muslim inmates make the same dietary request. Based on that determination, it should necessarily follow that providing a daily halal meat and halal diet to Muhammad would have a significant effect on the allocation of prison resources generally. *Jones v. Hobbs*, 864 F. Supp. 2d 808, 814 (E.D. Ark. 2012).

---

[1] See D.E. 132, ¶ 76, n. 4 ("Based on the evidence before the Court, including testimony from Mr. Mayfield, the ADC provides other accommodations for the religious practices of inmates who identify as Muslims.")

Finally, the fourth factor considers whether alternatives exist to accommodate the prisoner at a *de minimis* cost. The Court here found that Muhammad does not request specialized or unique foods to satisfy his religious exercise needs, and further found that Muhammad's request could be satisfied at a *de minimis* cost to the ADC with a daily serving of fish of the type currently purchased and served by the ADC. [DE 132, ¶¶ 95, 106.] The Court also directed that any proposed diet should be reviewed by the ADC's dietician for nutritional assessment. [DE 132, ¶ 108.] ADC Defendants have explored that possibility in good faith and learned that the ADC nutritionist will not approve any diet with more than four servings of any type of fish per week due to mercury content. Thus, the Court's instructions preclude proceeding within the boundaries of the Court's own findings of fact, and alternative accommodations for Muhammad are not likely to come at a *de minimis* cost. For the foregoing reasons, ADC Defendants have a strong chance for success on an appeal of the merits of both the RLUIPA and Free Exercise claims.

## II.     ADC Defendants will be irreparably injured absent a stay.

The Court agrees with the Defendants that providing a personal religious diet could become cumbersome, especially if several of the 1,700 Muslim inmates make the same dietary request. [D.E. 132, ¶ 102.] Requiring the ADC Defendants to immediately formulate individual halal meal plans and then implement those plans for up to 1,700 inmates will cost the ADC a substantial amount of time and money. If the Defendants prevail on the merits of the case on appeal to the Eighth Circuit, there will be no avenue for recovery of this substantial loss of time and money. Accordingly, the Defendants stand to be irreparably harmed absent a grant by this Court of a stay of the Court's Findings and Conclusions.

### III. Issuance of the stay will not substantially injure the Plaintiff.

The Court found that Muhammad has access to daily halal meat, to the extent he has funds available, via the purchase of food from the commissary. [D.E. 132, ¶¶ 46, 66] This alternative is consistent with the law of *Patel v. United States Bureau of Prisons* that requiring an inmate to purchase commissary meals does not significantly inhibit, meaningfully curtail, or deny the inmate a reasonable opportunity to practice his religion. 515 F.3d 807, 814. Muhammad has ignored this alternative accommodation during his entire incarceration, and his case on this issue has been pending since April 22, 2015. Despite professing that his religion requires that he consume halal meat on a daily basis, Muhammad has chosen to consume haram meat rather than supplement the vegetarian or common fare diet available to him with halal meat available for purchase from the commissary with his own money. [D.E. 132, ¶¶ 68-73.] During the past six years, Muhammad has spent over $6,000 at the prison commissary. [D.E. 132, ¶ 81.] He has offered no explanation for why he cannot change his commissary spending to accommodate the free exercise of his religion.

This Court's decision involves controlling questions of law as to which there is substantial ground for difference of opinion. After three years of litigation during which Muhammad chose not to afford an alternative accommodation, Muhammad will not be substantially harmed by a stay pending appeal.

### IV. The public interest lies in a stay.

Public policy as reflected by its statutes discourages the granting of prospective injunctive relief to inmates that is not narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. 18 U.S.C.A. § 3626(a)(1)(A). Until

the Eighth Circuit can rule on the Court's Findings and Conclusions, the public interest supports a stay.

## Conclusion

For these reasons, ADC Defendants request the Court stay its Findings and Conclusions pending an appeal to the Eighth Circuit. In the alternative, ADC Defendants request the Court grant them an additional 30 days to adequately evaluate all available options.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By: _/s/ Brett W. Taylor_____
Ark. Bar No. 2014175
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Phone:   (501) 682-3676
Fax:     (501) 682-2591
Email:   brett.taylor@arkansasag.gov

## CERTIFICATE OF SERVICE

I, Brett W. Taylor, hereby certify that on April 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send electronic notification to the following:

Jess Askew III and Frederick H. Davis
Kutak Rock LLP
124 West Capitol, Suite 2000
Little Rock, AR 72201

*Attorneys for Plaintiff*

                                                               */s/ Brett W. Taylor*