IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ABDULHAKIM MUHAMMAD                                                              PLAINTIFF
ADC #150550

v.                                  Case No. 5:15-cv-00130 KGB/PSH

MARK WHEELER, *et al.*                                                          DEFENDANTS

# ORDER

Plaintiff Abdulhakim Muhammad, a lifetime inmate with the Arkansas Department of Correction ("ADC"), brought this action claiming that the meal plans offered by the ADC violate the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C.A. §§2000cc, *et seq*, and the First and Fourteenth Amendments to the United States Constitution. Mr. Muhammad sought injunctive relief from the ADC; specifically, Mr. Muhammad sought to have the ADC provide to him halal meals including meat once per day. Following a bench trial on this matter, the Court issued Findings of Facts and Conclusions of Law ("Findings and Conclusions") (Dkt. No. 132). The Court found that defendants Joshua Mayfield, the Religious Service Administrator for the ADC, Jeremy Andrews, Warden of the ADC's East Arkansas Regional Unit, and Wendy Kelley, Director of the ADC (collectively "ADC Defendants") violated Mr. Muhammad's right to religious accommodation under the RLUIPA and the free exercise clause of the First Amendment by failing to provide him with a daily serving of halal meat during his incarceration at the ADC.

The ADC Defendants now request through a motion and renewed motion a stay pending appeal of the Court's Findings and Conclusions (Dkt. Nos. 133, 144). Mr. Muhammad opposes the motion (Dkt. No. 136). For the following reasons, the ADC Defendants' motion to stay the injunction pending appeal is denied.

Whether it is appropriate to suspend injunctive or equitable relief imposed by the district court during the pendency of an appeal is controlled by Federal Rule of Civil Procedure 62(c). The rule "'codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment.'" *Knutson v. AG Processing, Inc.,* 302 F.Supp.2d 1023, 1033 (N.D.Iowa 2004) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2904 (2d ed. 2012)). The court considers the following factors in determining whether to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Brady v. Nat'l Football League,* 779 F.Supp.2d 1043, 1045–46 (D.Minn.2011) (quoting *Nken v. Holder,* 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987))).

A stay intrudes upon the ordinary process of judicial review and administration and is not routinely done as a matter of right even if the moving party might sustain irreparable harm. *Nken,* 556 U.S. at 427 (citations omitted). Because stays are matters of judicial discretion, the moving party "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 434 (citations omitted). "Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied." *Brady,* 779 F.Supp.2d at 1046 (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2904 at 503–05 (2d ed. 2012)).

As to the first factor, defendants have not made a strong showing that they are likely to succeed on the merits on appeal. In its Findings and Conclusions, the Court determined that the ADC Defendants violated the RLUIPA and the First Amendment to the United States Constitution. The Court carefully considered all of the ADC Defendants' arguments and found against them after the bench trial on this matter. The ADC Defendants raise no new arguments in their motions. The Court finds that the ADC Defendants have failed to make a strong showing that they are likely to succeed on the merits of their claims. *See Nken*, 556 U.S. at 426. Accordingly, this factor weighs against staying this Court's injunction.

The Court will analyze the second and third factors together. These factors essentially address two sides of the same issue. The second factor asks "whether the applicant will be irreparably injured absent a stay[,]" and the third factor inquires "whether issuance of the stay will substantially injure the other parties interested in the proceeding[.]" *Hilton,* 481 U.S. at 776.

The ADC Defendants argue that the irreparable harm they will suffer is that without a stay, they will be required to provide at least some of the 1,711 Muslim inmates in the ADC with a daily serving of halal meat (Dkt. No. 134, at 4). The ADC Defendants argue that they would have to "formulate individual halal meal plans and then implement those plans for up to 1,700 inmates," thus costing the ADC a substantial amount of time and money (*Id.*). The Court determines defendants' alleged harm is speculative. As of early April 2017, approximately 93 ADC inmates had identified themselves as Jewish, and 1,711 had identified themselves as Islamic/Muslim (Dkt. No. 132, ¶ 92). As of early April 2017, eight of those inmates identifying as Jewish had requested a special religious diet (*Id.*). As of early April 2017, Mr. Muhammad was the only Muslim inmate who has requested a halal diet (Dkt. No. 132, ¶ 94). The Court finds this factor does not weigh in defendants' favor.

The harm to Mr. Muhammad constitutes irreparable injury because the ADC Defendants' actions place a substantial burden on Mr. Muhammad's religious exercise. The Supreme Court has recognized that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976). Citing *Elrod,* the Third Circuit Court of Appeals held that "[l]imitations on the free exercise of religion inflict irreparable injury." *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly,* 309 F.3d 144, 178 (3d Cir. 2002). Further, the Eighth Circuit Court of Appeals has recognized that "'[b]y enacting RLUIPA, Congress established a statutory free exercise claim encompassing a higher standard of review than that which applies to constitutional free exercise claims.'" *Gladson v. Iowa Dep't of Corr.,* 551 F.3d 825, 832 (8th Cir.2009) (quoting *Murphy v. Mo. Dep't of Corr.,* 372 F.3d 979, 987 (8th Cir.2004)); *see also Van Wyhe v. Reisch,* 581 F.3d 639, 649 (8th Cir.2009) (reasoning that RLUIPA "explicitly provides for a cause of action to enforce the heightened free exercise right it creates.") (citing 42 U.S.C. § 2000cc–2(b)). Because RLUIPA claims require a higher standard of review than typical free exercise claims and because Mr. Muhammad succeeded on his RLUIPA claim, the court finds that Mr. Muhammad has established irreparable injury. This factor weighs in favor of denying the motion to stay.

The final factor in the Court's analysis is the public interest. *Hilton,* 481 U.S. at 776. The ADC Defendants claim that the public interest lies in their favor because the Eighth Circuit has not ruled on this Court's Findings and Conclusions (Dkt. No. 134, at 5-6). This factor does not favor either Mr. Muhammad or the ADC Defendants.

The Court finds, after balancing all factors and considering the relative strength of each, that the ADC Defendants have not carried their burden on this issue. For these reasons, the ADC Defendants' motion to stay is denied.

So ordered this 29th day of May, 2018.

_____
Kristine G. Baker
United States District Judge